UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA FRANKENTHAL and PATRICK FRANKENTHAL, | ) ) ) |
| Plaintiffs, | ) Case No. 15-cv-10307 ) |
| v. | ) Judge John W. Darrah ) |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On November 11, 2015, Plaintiffs, Samantha and Patrick Frankenthal, filed a Complaint, alleging breach of contract and bad faith against Defendant, Connecticut General Life Insurance Company. Defendant filed a Motion to Dismiss Count II [13] of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant has also filed a Motion to Strike [17] the jury demand from Plaintiff's Complaint. For the reasons discussed below, Defendant's Motions [13, 17] are granted.

## BACKGROUND

Plaintiffs are the children of decedent Charles A. Frankenthal ("Charles"), who passed away in May 2003. (Compl. ¶ 4.) In 1999, Charles purchased a Group Universal Life Insurance Policy ("Life Policy") through his employer, Insignia Financial Group, Inc. (*Id.* ¶ 9.) Beginning in 2001, Charles was no longer employed by Insignia and had no income. (*Id.* ¶ 11.) By September 2002, Charles ceased paying the monthly premium on the Life Policy. (*Id.* ¶ 10.) In October 2002, Charles was totally disabled from severe alcohol dependency and was suffering from depression. (*Id.* ¶ 12.) On May 5, 2003, Charles died from liver cirrhosis. (*Id.* ¶ 13.)

Charles failed to name a beneficiary of his Life Policy. (*Id.* ¶ 14.) At the time of his death, Charles was not married but had two children. (*Id*. ¶¶ 15, 16.) The Life Policy's "preference clause" dictated that, in the event an insured did not name a beneficiary, payment would be made to the insured's widow or widower first and to any surviving children second. (*Id.* ¶ 21.) Plaintiffs allege that at the time of Charles's death in 2003, they were entitled to a benefit of $157,000 as his surviving children and designated beneficiaries under the policy's preference clause. (*Id*. ¶ 21-22.)

On May 13, 2003, Charles's ex-wife, Bonnie, filed a claim with Defendant on behalf of Samantha and Patrick. (*Id.* ¶ 23.) On August 5, 2003, Bonnie called Defendant, seeking additional information about the Life Policy; specifically, Bonnie asked if the policy contained a "Waiver of Premium" feature. (*Id.* ¶ 24.) The waiver allows for the Life Policy to remain in full effect when an insured is unable to make monthly premium payments because of disability. (*Id*. ¶ 17.) However, the Life Policy requires that "proof of Total Disability must be submitted to [Defendant] no later than one year from the date the insured . . . becomes Totally Disabled." (*Id*. ¶ 18.) Bonnie asked a representative of Connecticut General whether the Life Policy contained a Waiver of Premium feature; she was told it did not. (*Id.* ¶ 25.) Plaintiffs allege that this information was false. (*Id*. ¶ 27.)

In July 2014, Bonnie discovered a Certificate of Insurance. (*Id*. ¶ 31.) The Certificate stated that the Life Policy did contain a Waiver of Premium feature. (*Id*. ¶ 32.) Plaintiffs then filed a new claim for death benefits under the Life Policy. (*Id*. ¶ 33.) In October 2014, Defendant denied the claim on several bases: (1) the Life Policy had expired on

October 1, 2002, which was seven months before Charles's death; (2) Charles failed to notify Defendant of his disability prior to his death; and (3) Defendant was prejudiced because many of Charles's medical records had been destroyed by the medical provider. (*Id.* ¶ 34.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56. However, that presumption of truth does not apply to conclusory allegations. *Iqbal*, 556 U.S. at 681(2009).

## ANALYSIS

### Count II

Count II alleges bad faith under the Illinois Insurance Code, 214 Ill. Comp. Stat. 5/155. Defendant argues that Count II is pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* ERISA contains an expansive preemption

3

provision, "which [was] intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Under § 514, "[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The issue is whether Charles's Life Policy was an employee welfare benefit plan that would fall under the purview of ERISA.

Plaintiffs argue that Defendant has failed to show that a plan exists. An employee welfare benefit plan is defined, in pertinent part, as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment, . . . ." 29 U.S.C. § 1002(1). For an employee benefit plan to fall under ERISA, it must include five elements: "(1) a plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . , (5) to participants or their beneficiaries." *Ed Miniat, Inc. v. Globe Life Ins. Group Inc.*, 805 F.2d 732, 738 (7th Cir. 1986) (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1370-71 (11th Cir. 1982)).

As the certificate of insurance shows, there was a plan issued by Connecticut General to Insignia. (Dkt. 15 at p. 3.)[1] The certificate of insurance also reflects that the Life Policy,

---

[1] There is some dispute over whether Plaintiffs attached the Certificate of Insurance to the Complaint. Exhibit B to the Complaint is a "Group Universal Life Annual Certificate Report," which does not contain the full terms and conditions of the life insurance policy. Defendant has

4

Policy No. 2024602, was established for Insignia Financial Group Inc. (*Id*. at p. 62.) The certificate contains several classifications of employees that may be insured and the different levels of insurance. (Dkt. 15, pps. 13-19, 52.) Further, the certificate contains multiple disclosures that are required by ERISA. The certificate demonstrates that the Life Policy provided to Charles through his employer was covered under ERISA.[2]

Plaintiffs argue that Defendant must provide evidence that Insignia did more than just pay insurance premiums because that conduct alone "hardly constitutes the operation of a benefit plan." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987). In *Coyne*, the Supreme Court found that the intended purpose of ERISA was to manage a complex regulatory scheme and did not govern a severance payment, which was a one-time event that might never materialize. *Id*. at 12. Here, Charles had a Life Policy through his employer, Insignia, from 1999 to, at least, 2001. (Compl. ¶¶ 9-11.) During this time, Insignia did more than pay a one-time insurance premium, as discussed in the certificate.

Plaintiffs further argue that a plan covered by ERISA does not exist because Insignia ceased to exist when it was acquired in 2003, and Charles continued to pay premiums until September 2002, after leaving Insignia in 2001. However, there are no allegations in the

---

submitted the full "Certificate of Insurance" for the Group Universal Life plan offered by Charles's employer, Insignia Financial Group. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (internal citations and quotations omitted). Plaintiffs do not contest the accuracy of the "Certificate of Insurance." Thus, the certificate can be examined "without converting the motion to dismiss into a motion for summary judgment." *Id.* at 891-92.

[2] Plaintiffs argue that whether a document says ERISA applies is, in and of itself, meaningless. However, the authority they cite for that argument states that a plan does not have to be in writing for ERISA to apply. *See Diak v. Dwyer, Costello & Knox, P.C.*, 33 F.3d 809, 812 (7th Cir. 1994) ("In determining whether a plan, fund or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.") Nevertheless, all elements necessary for ERISA to apply are present.

Complaint that Insignia ceased to exist in 2003. Nor do Plaintiffs allege that Charles's Life Policy was converted into an individual policy.[3] Circuit courts are split on the issue of the conversion of insurance from a plan covered by ERISA to an individual plan. *Compare Greany v. Western Farm Bueau Life Ins. Co.*, 973 F.2d 812, 817 (9th Cir. 1992) (finding that individual conversion benefits are part of an ERISA plan); *and Painter v. Golden Rule Ins. Co.*, 121 F.3d 436, 438-49 (8th Cir. 1997) (holding that a claim for benefits under the conversion clause is still governed by ERISA); *with Demars v. CIGNA Corp.* 173 F.3d 443, 449 (1st Cir. 1999) (holding that while ERISA covers the right of conversion, the newly converted policy is, in and of itself, not covered under ERISA and thus not preempted). Plaintiffs make these arguments in their response to the Motion to Dismiss, but they "cannot cure [a] deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993).

Because the Life Policy, as pled, was governed by ERISA, Count II, alleging bad faith under § 155 of the Illinois Insurance Act, is pre-empted by ERISA. *Langworthy v. Honeywell Life & Acc. Ins. Plan*, No. 09 CV 2177, 2009 WL 3464131, at *4 (N.D. Ill. Oct. 22, 2009). Defendant's Motion to Dismiss Count II [13] is granted.

## Motion to Strike

Defendant has also moved to strike Plaintiffs' jury demand. As a general matter, jury trials are unavailable to plaintiffs in an action brought under ERISA. *Matthew v.*

---

[3] Even if Charles were no longer employed by Insignia, that is not necessarily dispositive, as the Seventh Circuit has rejected the argument that a "given package of benefits is in or out of ERISA's scope person by person, rather than plan by plan." *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454 (7th Cir. 2005).

*Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998).  As discussed above, the Life Policy is governed by ERISA; therefore, there is no right to a jury trial.  Defendant's Motion to Strike Jury Demand [17] is granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count II [13] is granted without prejudice.  Plaintiffs may file, within thirty days of the entry of this Order, an amended complaint as to the allegations in Count II, if they can do so in compliance with Rule 11.  Defendant's Motion to Strike Jury Demand [17] is granted.

Date:      September 8, 2016                                                                   
_____  
JOHN W. DARRAH  
United States District Court Judge